IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**RICKY WEAVER, as Personal**
**Representative of the Estate of**
**MICAH WEAVER, Deceased**                                                              **PLAINTIFF**

v.                                  No. 1:11-cv-025 KGB

**TOYOTA MOTOR CORPORATION,**
**TOYOTA MOTOR SALES, U.S.A., INC.,**
**and TK HOLDINGS, INC.**                                                                **DEFENDANTS**

## OPINION AND ORDER

Before the Court is a motion for partial summary judgment and brief in support filed by defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. (collectively "Toyota") (Dkt. No. 54). This action arises from a single-vehicle crash involving a 2000 Toyota 4Runner driven by Micah Weaver. Plaintiff Ricky Weaver, the personal representative of the Estate of Micah Weaver, asserts a variety of strict products liability, negligence, and breach of warranty claims against defendants. Toyota seeks summary judgment on plaintiff's claim that the 4Runner was defective because it had no laminated and/or advanced glazing in its side roll down windows and sun roof, contending that such a claim is preempted by Federal Motor Vehicle Safety Standard ("FMVSS") 205, 49 C.F.R. § 571.205. Plaintiff has responded (Dkt. No. 71). For the reasons that follow, Toyota's motion for partial summary judgment is denied.

   I.   **Factual Background**

The parties do not dispute the following facts on which this motion for partial summary judgment is based. On November 30, 2010, near Batesville, Arkansas, Micah Weaver was the driver and sole occupant of a 2000 Toyota 4Runner involved in a single-vehicle crash. Micah Weaver allegedly lost control of the 4Runner causing it to rollover. He was ejected and died in the crash. It is undisputed that the 4Runner complied with all applicable federal motor vehicle

safety standards at the time of its manufacture. The 4Runner's side windows and sun roof were equipped with tempered glass. Plaintiff contends that the 2000 Toyota 4Runner was defective because it had no laminated and/or advanced glazing in its side roll down windows and sun roof.

## II. Summary Judgment Standard

Where a motion for summary judgment is founded on an affirmative defense, the moving party has the burden to present facts that establish that defense. *See Ballard v. Rubin*, 284 F.3d 957, 964 n.6 (8th Cir. 2002). Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to establish by "specific facts" that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). An issue of fact is material only if it could affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## III. Analysis

Toyota seeks summary judgment on plaintiff's claim that the 4Runner was defective because it had no laminated and/or advanced glazing in its side roll down windows and sun roof. Toyota contends that such a claim is preempted by FMVSS 205, 49 C.F.R. § 571.205. FMVSS 205 "specifies performance requirements for the types of glazing that may be installed in motor vehicles." 49 C.F.R. § 571.205. It provides, as relevant to this action, that laminated glass may be used anywhere in the vehicle including the windshield and that tempered glass may be used anywhere in the vehicle except the windshield. *Id.*

Article VI of the United States Constitution provides that the laws of the United States "shall be the supreme Law of the Land . . . ." U.S. Const. art. VI, cl. 2. A federal statute or regulation may expressly or impliedly preempt state law. In the case of an express preemption clause, the court examines "the plain wording of the clause, which necessarily contains the best evidence of Congress' pre-emptive intent." *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 664 (1993). Implied preemption occurs "'when the scope of a statute indicates that Congress intended federal law to occupy a field exclusively, or when state law is in actual conflict with federal law . . . or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Harris v. Great Dane Trailers, Inc.*, 234 F.3d 398, 400 (8th Cir. 2000) (alteration in original) (quoting *Freightliner Corp. v. Myrick*, 514 U.S. 280, 287 (1995)).

FMVSS 205 was promulgated by the National Highway Traffic Safety Administration ("NHTSA") pursuant to the Secretary of Transportation's authority under the Federal Safety Act, 49 U.S.C. § 30101 *et seq.*, to issue motor vehicle safety standards. "The Safety Act contains both a preemption clause, which provides that a State may establish 'a [safety] standard applicable to the same aspect of performance . . . only if the standard is identical to the [Federal safety] standard,' and a savings clause, which provides that '[c]ompliance with a [Federal] motor vehicle safety standard . . . does not exempt a person from liability at common law.'" *Harris*, 234 F.3d at 400 (alteration in original) (quoting 49 U.S.C. § 30103(b), (e)).

There is tension between these two provisions of the Safety Act, and the Supreme Court addressed that tension in *Geier v. American Honda Motor Co.*, 529 U.S. 861 (2000). In *Geier*, the Court determined that a state law claim of design defect based on the manufacturer's failure to equip its vehicles with airbags was impliedly preempted by FMVSS 208, which allows manufacturers to choose from a variety of permissible design options. *Id.* at 881. FMVSS 208

3

was promulgated under the Safety Act, like FMVSS 205 at issue here. *Id.* at 870-71. The *Geier* Court explained that, while the Safety Act's savings clause "preserves those actions that seek to establish greater safety than the minimum safety achieved by a federal regulation intended to provide a floor," a common law rule that would require manufacturers to adopt a particular design option—in that case, airbags—would conflict with FMVSS 208. *Id.* at 870, 881. In other words, the express preemption clause and the savings clause of the Safety Act "read together reflect a neutral policy, not a specifically favorable or unfavorable policy, toward the application of the ordinary conflict pre-emption principles." *Id.* at 870-71.

The Supreme Court revisited *Geier* in *Williamson v. Mazda Motor of America, Inc.*, 131 S. Ct. 1131 (2011). There, the Court clarified that manufacturer choice alone does not mean that a regulation was intended to be preemptive. *Id.* at 1139. The Court explained that the regulation at issue in *Geier* preempted state law because "the regulation's history, the agency's contemporaneous explanation, and its consistently held interpretive views indicated that the regulation sought to maintain manufacturer choice in order to further significant regulatory objectives." *Id.*

Here, Toyota maintains that FMVSS 205, like FMVSS 208, provides manufacturers with a choice of design options in order to further significant regulatory objectives and, therefore, preempts plaintiff's state law claim that the 4Runner was defective because it had no laminated and/or advanced glazing in its side roll down windows and sun roof. The only circuit to have considered this issue determined that FMVSS 205 does not preempt a state common law claim alleging that the use of tempered glass in a vehicle's side windows constituted a design defect. In *O'Hara v. General Motors Corp.*, 508 F.3d 753 (5th Cir. 2007), the Fifth Circuit Court of Appeals held that FMVSS 205 is best understood as a minimum safety standard rather than as a choice of permissible options. The *O'Hara* court found nothing in the text or commentary

4

"indicating that NHTSA intended to 'preserve the option' of using tempered glass in side windows, or that preserving this option would serve the safety goals of FMVSS 205." *Id.* at 761. Rather, the *O'Hara* court concluded that FMVSS 205, in permitting the use of tempered glass, merely "sets a safety 'floor' to ensure that the glazing materials used by manufacturers meet certain basic requirements." *Id.* at 760. Several district courts have followed *O'Hara*. *See, e.g.*, *Bernal v. Daewoo Motor America, Inc.*, 2011 WL 2174890 (D. Ariz. June 2, 2011); *Noveck v. PV Holdings Corp.*, 742 F. Supp. 2d 284 (E.D.N.Y. 2010); *Raley v. Hyundai Motor Co.*, 2010 WL 199971 (W.D. Okla. Jan. 14, 2010); *Spruell v. Ford Motor Co.*, 2008 WL 906648 (W.D. Ark. April 1, 2008); *Burns v. Ford Motor Co.*, 2008 WL 222711 (W.D. Ark. Jan. 24, 2008).

Toyota relies on *Priester v. Cromer*, 736 S.E.2d 249 (S.C. 2012). In *Priester*, the South Carolina Supreme Court determined that FMVSS 205 does preempt state tort claims based on a lack of laminated glass in the vehicle's side and rear windows. *Id.* at 251. The court determined that FMVSS 205 provides automotive manufacturers with a choice between laminated and tempered glass to further at least two significant federal purposes. The first purpose identified by the court is Congress' fundamental desire to promote safety by reducing injuries resulting from impacts to glazing surfaces while at the same time minimizing the possibility of occupant ejections, and the second purpose identified by the court is to increase seatbelt use, since requiring laminated glass throughout the vehicle could reduce safety for seatbelt users while providing additional protection for non-seatbelt users. The court distinguished *O'Hara* on those grounds:

> [W]e find the concept of a "minimum standard" difficult to apply in this context because neither glass option (tempered or laminated) is safer overall, under every set of circumstances; rather, we believe the choice of glazing material can best be characterized as a safety tradeoff, depending on whether the desire is to maximize safety for belted or unbelted passengers.

*Priester*, 736 S.E.2d at 259; *accord Morgan v. Ford Motor Co.*, 680 S.E.2d 77 (W. Va. 2009).

5

Justice Pleicones filed a dissent in *Priester*, taking issue with the majority's determination that the NHTSA had any objective of maintaining manufacturer choice, much less a significant objective, when opting not to impose in FMVSS 205 a requirement that advanced glazing be used in side windows and disagreeing with the majority's conclusion that the NHTSA explanation found that use of advanced glazing would "decreas[e] safety for lawfully belted passengers." *Priester*, 736 S.E.2d at 261-62.

The Eighth Circuit Court of Appeals has not decided this issue. In the absence of controlling Eighth Circuit precedent, the Court adopts the reasoning articulated by the Fifth Circuit Court of Appeals in *O'Hara* and the dissent in *Priester* and concludes that plaintiff's claim that the 4Runner was defective because it had no laminated and/or advanced glazing in its side roll down windows and sun roof is not preempted by FMVSS 205. Therefore, Toyota's motion for partial summary judgment is denied.

* * *

For these reasons, Toyota's motion for motion for partial summary judgment is denied (Dkt. No. 54).

SO ORDERED this 25th day of April, 2013.

_____
Kristine G. Baker
United States District Judge