IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| RICKY WEAVER, as Personal Representative of the Estate of MICAH WEAVER, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR CORPORATION, a Japanese corporation; TOYOTA MOTOR SALES, U.S.A., INC., a California corporation,<br><br>Defendants. | §§§§§§§§§§§§§§<br><br>CAUSE NO. 1:11-CV-025-JMM<br><br>JURY TRIAL DEMANDED |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO DEFENDANT'S NOTICE TO TAKE DEPOSITION

TO THE HONORABLE COURT:

COME NOW Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. and file this Response to Plaintiff's Objection to Defendant's Notice to Take Deposition (Doc. No. 83) and for such would respectfully show the Court as follows:

### I.
### Summary of Response

Plaintiff objected and failed to present his expert witness Robert M. Hooker for deposition, after Defendants properly noticed the deposition for a location agreed to by the parties and a date offered by Plaintiff himself. Defendants have cooperated extensively with Plaintiff for over three months in trying to schedule this deposition, while Plaintiff has continued to delay and postpone it. Given Plaintiff's failure to produce Mr. Hooker for deposition under these circumstances, the Court should overrule Plaintiff's objection to the Notice and award Defendants their costs and expenses related to Mr. Hooker's failure to appear. Additionally, the Court should strike Mr. Hooker as an expert witness from this case, or in the alternative order Mr. Hooker to be present for deposition in Little Rock, Arkansas on December 11 or 12, 2013 as

those are the only dates Defendants' counsel has available for deposition between now and the Court-ordered discovery deadline of December 18, 2013.

## II.
## Arguments and Authorities

1. Federal Rule of Civil Procedure 26(b)(4)(A) specifically provides that a party "may depose any person who has been identified as an expert whose opinions may be presented at trial." As described below, Plaintiff has failed to present one of his expert witnesses, Robert Hooker, for deposition in this case despite the substantial efforts of Defendants.[1]

2. Plaintiff's Objection to Defendant's Notice to Take Deposition (Doc. No. 83, hereafter "Plaintiff's Objection") asserts that Defendants have had ample opportunity to depose Mr. Hooker and that Defendants canceled an earlier scheduled deposition. To the contrary, Plaintiff is wholly responsible for Mr. Hooker not yet being deposed.[2]

3. For almost three months, Defendants have repeatedly asked Plaintiff to provide convenient dates for his experts' depositions, while Plaintiff has repeatedly either failed to respond or simply asked for more time.[3] Defendants were forced to unilaterally notice the depositions, but agreed to reschedule those depositions upon Plaintiff's request.[4] On November 8, 2013, Plaintiff finally offered December 2 and 3 for the depositions of Mr. Hooker and Mr. Stephen Batzer.[5] On November 15, Plaintiff confirmed December 3 for Mr. Hooker's deposition and agreed that it could occur near the Detroit airport.[6] In reliance on Plaintiff's proposed date, Defendants amended their deposition notice for Mr. Hooker accordingly.[7]

---

[1] See generally various correspondence of counsel, attached as Exhibits B through M.
[2] Defendants have made several distinct efforts to depose Plaintiff's experts over the past year for reasons beyond the scope of this dispute, some of which were the subject of the Court's March 1, 2013 Opinion and Order (Doc. No. 73). During one such effort, Mr. Hooker was scheduled to be deposed on May 31, 2013, but that deposition was postponed pursuant to Plaintiff's request. See May 20, 2013 Email of Craig Dupen, attached as Exhibit A.
[3] See various correspondence of counsel, attached as Exhibits B through M.
[4] See various correspondence of counsel, attached as Exhibits B through M, particularly Exhibits C, D, and H.
[5] See November 8, 2013 Letter of Theodore Stricker, attached as Exhibit I.
[6] See various correspondence of counsel, attached as Exhibits J, K, and L.
[7] See Third Amended Notice of Intention to Take the Oral and Videotaped Deposition of Robert M. Hooker, attached as Exhibit N.

4.       Remarkably, less than two weeks after offering the date and agreeing to the location and on the afternoon before Thanksgiving, Plaintiff objected to Toyota Motor Corporation's Third Notice to take the Oral Deposition of Robert M. Hooker, Duces Tecum, on the grounds that Mr. Hooker had been notified that he was to be in court in California on the date in question.[8]   Plaintiff referred to an exhibit in support of that contention, but no exhibit was attached to the motion.[9]

### III.
### Conclusion

Defendants were entitled to depose Mr. Hooker, a designated testifying expert in this case, but Plaintiff has failed to produce Mr. Hooker for deposition despite Defendants' substantial efforts. Most egregiously, Plaintiff failed to ensure Mr. Hooker's appearance at a properly scheduled deposition on December 3, without confirming or providing evidence of his purported trial conflict. Accordingly, Defendants ask that the Court overrule Plaintiff's objection to the Notice and award Defendants their costs and expenses related to Mr. Hooker's failure to appear. Additionally, Defendants ask that the Court strike Mr. Hooker as an expert witness from this case, or in the alternative order Mr. Hooker to be present for deposition in Little Rock, Arkansas on December 11 or 12, 2013 as those are the only dates Defendants' counsel has available for deposition between now and the Court-ordered discovery deadline of December 18, 2013.

---

[8] See Plaintiff's Objection, Doc. No. 83, on file herein.
[9] See id.

Respectfully submitted,

/S/ DAVID P. STONE
**KURT C. KERN** (*admitted pro hac vice*)
Texas Bar No. 11334600
Kurt.Kern@bowmanandbrooke.com
**DAVID P. STONE** (*admitted pro hac vice*)
Texas Bar No. 19289060
David.Stone@bowmanandbrooke.com
**CRAIG D. DUPEN** (*admitted pro hac vice*)
Texas Bar No. 24065177
Craig.Dupen@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 N. Harwood Street, Suite 1700
Dallas, Texas 75201
Telephone: (972) 616-1700
Facsimile: (972) 616-1701

and

**EDWIN L. LOWTHER, JR.** (81107)
elowther@wlj.com
**WRIGHT, LINDSEY & JENNINGS LLP**
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442

**ATTORNEYS FOR TOYOTA MOTOR SALES, U.S.A., INC. and TOYOTA MOTOR CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 4th day of December, 2013.

/S/ DAVID P. STONE