IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| RICKY WEAVER, as Personal Representative of the Estate of MICAH WEAVER, Deceased, | § § § § | |
| Plaintiff, | § § | |
| | § | CAUSE NO. 1:11-CV-025-JMM |
| v. | § § | |
| TOYOTA MOTOR CORPORATION, a Japanese corporation; TOYOTA MOTOR SALES, U.S.A., INC., a California corporation, | § § § § | JURY TRIAL DEMANDED |
| | § § | |
| Defendants. | § | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO COURT ORDER

TO THE HONORABLE COURT:

COME NOW Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. and file this Reply to Plaintiff's Response to the Court's December 5, 2013 Order, and would respectfully show the Court as follows:

1.      Plaintiff's Response asks the Court to hold in abeyance its prior Order requiring Mr. Robert Hooker to appear for his oral deposition duces tecum on December 11 or 12. Plaintiff offers in support an email from Mr. Hooker claiming that he will be testifying at a trial in California on December 10 and 11.[1]  This would suggest that Mr. Hooker was not testifying at that trial last week and did not have an actual conflict that would have prevented him from appearing for his properly noticed deposition on December 3 (a date that had been offered and agreed to by Plaintiff's counsel).  Moreover, even assuming that Mr. Hooker will be testifying on December 10 and 11, he should be able to appear for deposition in this case on the afternoon of December 12 consistent with the Court's order.

---

[1] See Pl.'s Resp. (Doc. No. 86) Exhibit B.

2.      Defense counsel is not available to take Mr. Hooker's deposition on the new dates now proposed by Plaintiff—neither December 18 nor the 20th, which is after the Court-ordered close of discovery.  Accordingly, if Plaintiff will not present Mr. Hooker for deposition on December 12 in accordance with the Court's Order, Defendants move that he be struck as a testifying expert and that Plaintiff be required to rely on his other retained testifying experts.

3.      Defendants note that Plaintiff has yet again insinuated in his Response that Defendants had a previous opportunity to depose Mr. Hooker on May 31, 2013.  Defendants would remind the Court that the May 31 deposition was postponed at the request of Plaintiff's counsel and Defendants have been diligently attempting to depose Mr. Hooker, and indeed all of Plaintiff's experts, for at least the past three months.[2]

Respectfully submitted,


*/S/ DAVID P. STONE*
**KURT C. KERN** (*admitted pro hac vice*)
Texas Bar No. 11334600
Kurt.Kern@bowmanandbrooke.com
**DAVID P. STONE** (*admitted pro hac vice*)
Texas Bar No. 19289060
David.Stone@bowmanandbrooke.com
**CRAIG D. DUPEN** (*admitted pro hac vice*)
Texas Bar No. 24065177
Craig.Dupen@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 N. Harwood Street, Suite 1700
Dallas, Texas  75201
Telephone:  (972) 616-1700
Facsimile:  (972) 616-1701

and

---

[2] *See* Defendants' Response to Plaintiff's Objection to Defendants' Notice to Take Deposition (Doc. No. 84) at 2-3 (along with the referenced exhibits).  *See also* May 17, 2013 Email Correspondence from T. Stricker, attached as Exhibit A; May 20 Email Correspondence from C. Dupen, attached as Exhibit B.

**EDWIN L. LOWTHER, JR.** (81107)
elowther@wlj.com
**WRIGHT, LINDSEY & JENNINGS LLP**
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442

**ATTORNEYS FOR TOYOTA MOTOR SALES,
U.S.A., INC. and TOYOTA MOTOR
CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 9th day of December, 2013.

*/S/ DAVID P. STONE*