IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| RICKY WEAVER, as Personal Representative of the Estate of MICAH WEAVER, Deceased, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CAUSE NO. 1:11-CV-025-JMM |
| TOYOTA MOTOR CORPORATION, a Japanese corporation; TOYOTA MOTOR SALES, U.S.A., INC., a California corporation, | § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF'S PUNITIVE DAMAGES CLAIMS AND BRIEF IN SUPPORT

TO THE HONORABLE COURT:

COME NOW Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. in the above-styled and numbered action, and file this Motion for Partial Summary Judgment and Brief in Support and for such would respectfully show the Court as follows:

**I.**
**SUMMARY**

Plaintiff has brought a variety of strict products liability, negligence, and breach of warranty claims against Defendants, alleging that the subject 2000 Toyota 4Runner was defective in its condition, design, or manufacture.  Additionally, Plaintiff's current pleading asserts that Defendants' alleged conduct meets several aggravating factors sufficient to support an award of punitive damages.  However, Plaintiff has produced no evidence to suggest that Defendant's alleged conduct was so egregious.  Accordingly, the Court

should grant summary judgment against Plaintiff on any claims for punitive damages in this case.

## II.
## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      This lawsuit arises out of a single-vehicle crash that occurred on November 30, 2010 near Batesville, Arkansas.

2.      Micah Weaver was the driver and only occupant of the subject 2000 Toyota 4Runner.

3.      Plaintiff alleges that Weaver lost control of the 4Runner which ultimately rolled over, ejecting Weaver, who died following the crash.

4.      The 4Runner complied with all applicable federal motor vehicle safety standards at the time of its manufacture.

5.      Plaintiff has brought a variety of strict liability, negligence, and breach of warranty claims against Defendants, based on several alleged defects in the 4Runner. *See* Plaintiff's Corrected Amended Complaint, on file herein as Doc. 44-1, at 3-6.

6.      One specific allegation states, "The Defendant(s) knew or ought to have known, in light of the surrounding circumstances, that the above acts and conduct would naturally and probably result in injury and damage and Defendant(s) continued such acts and conduct with malice or in reckless disregard of the consequences from which malice may be inferred; and/or that Defendant(s) intentionally pursued a course of conduct for the purpose of causing injury or damage . . . ." *See id.* at 6.

**III.**
**ARGUMENT AND AUTHORITIES**

**A.    Relevant Authorities**

Under Federal Rule of Civil Procedure 56, summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When, as here, a defendant moves for summary judgment on a plaintiff's claim, summary judgment is appropriate "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

In this context, summary judgment on Plaintiff's punitive damages claims is appropriate if the evidence is such that no reasonable jury could find grounds for awarding punitive damages under the standard established by Arkansas law.  *See In re Aircraft Accident at Little Rock*, 351 F.3d 874, 876 (8th Cir. 2003).  In Arkansas, the standard for an award of punitive damages is set by statute:

> In order to recover punitive damages from a defendant, a plaintiff has the burden of proving that the defendant is liable for compensatory damages and that either or both of the following aggravating factors were present and related to the injury for which compensatory damages were awarded:
>
> (1) The defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury or damage and that he or she continued the conduct with malice or in reckless disregard of the consequences, from which malice may be inferred; or

(2) The defendant intentionally pursued a course of conduct
for the purpose of causing injury or damage.

Ark. Code Ann. § 16-55-206 (2003).   A plaintiff must provide clear and convincing

evidence in order to meet this burden. *Id.* § 16-55-207.

## B.   Plaintiff Lacks Any Evidence to Support Punitive Damages

The discovery deadline in this case has now passed.   *See* Third Amended Final

Scheduling Order (Doc. No. 81).   Plaintiff has not identified or produced any evidence

sufficient for a reasonable jury to find grounds for awarding punitive damages under the

standards set forth above.   Even assuming Plaintiff could show that Defendants were

liable for compensatory damages, Plaintiff cannot point to any evidence that would raise

a genuine issue of material fact as to whether Defendants knew or ought to have known

in light of the surrounding circumstances that his or her conduct would naturally and

probably result in injury or damage.   Neither can Plaintiff point to any evidence that

Defendants continued the alleged conduct with malice or in reckless disregard of the

consequences, from which malice may be inferred.   And Plaintiff has no evidence that

Defendants intentionally pursued a course of conduct for the purpose of causing injury

or damage.

The Arkansas Supreme Court has noted that punitive damages "are not a

favorite of the law" in Arkansas.  *Diamond Shamrock Corp v. Phillips*, 256 Ark. 886, 892,

511 S.W.2d 160, 164 (1974).   As such, substantial requirements are placed on their

award, and "[i]t is clear that negligence alone, however gross, is not sufficient to sustain

a punitive damages award."  *See Aircraft Accident*, 351 F.3d 874, 877 (8th Cir. 2003)

(citing *Louisiana and North West R.R. Co. v. Willis*, 289 Ark. 410, 415, 711 S.W.2d 805,

808 (1986)).   Instead, Plaintiff must show by clear and convincing evidence that

Defendants acted with a sufficient degree of willfulness, wantonness, or conscious indifference to consequences that malice can be inferred.  Plaintiff has no evidence of such aggravating factors, and therefore the Court should enter summary judgment against Plaintiff on all of his punitive damages claims.

### IV.
### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. pray the Court grants this Motion for Partial Summary Judgment in its entirety; and enters judgment that Plaintiff take nothing by his claims for punitive damages; and for such other relief, both at law and in equity, to which Defendants may show themselves justly entitled.

RESPECTFULLY SUBMITTED,

/S/ DAVID P. STONE
**KURT C. KERN** (*admitted pro hac vice*)
Texas Bar No. 11334600
Kurt.Kern@bowmanandbrooke.com
**DAVID P. STONE** (*admitted pro hac vice*)
Texas Bar No. 19289060
David.Stone@bowmanandbrooke.com
**CRAIG D. DUPEN** (*admitted pro hac vice*)
Texas Bar No. 24065177
Craig.Dupen@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 N. Harwood Street, Suite 1700
Dallas, Texas  75201
Telephone:  (972) 616-1700
Facsimile:  (972) 616-1701

and

**EDWIN L. LOWTHER, JR.** (81107)
elowther@wlj.com
**WRIGHT, LINDSEY & JENNINGS LLP**
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442

**ATTORNEYS FOR TOYOTA MOTOR SALES,
U.S.A., INC. and TOYOTA MOTOR
CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 31st day of December, 2013.

*/S/ DAVID P. STONE*