IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| RICKY WEAVER, as Personal Representative of the Estate of MICAH WEAVER, Deceased, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CAUSE NO. 1:11-CV-025-JMM |
| TOYOTA MOTOR CORPORATION, a Japanese corporation; TOYOTA MOTOR SALES, U.S.A., INC., a California corporation, | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR COURT ORDERED MEDIATION

TO THE HONORABLE COURT:

COME NOW Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. in the above-styled and numbered action, and file this Response to Plaintiff's Motion for Court Ordered Mediation and for such would respectfully show the Court as follows:

1.       Defendants are opposed to Plaintiff's request for a court-ordered mediation of this case. Based on the history of settlement negotiations in this matter, Defendants believe that a mediation or settlement conference would be nothing more than an exercise in futility.

2.       Counsel for the parties have previously engaged in several candid and straightforward discussions regarding the prospects for settlement. Plaintiff's counsel made a settlement demand in February 2012, which Defendants rejected as being well outside the range of a realistic amount. In January 2013, Plaintiff's counsel made a new

settlement demand more than three times larger than the original demand, despite no new factual information or change in the liability analysis which would justify such an increase.   Accordingly, Defendants again rejected Plaintiff's demand.   Recent frank discussions between counsel for the parties have only confirmed that the parties' views of the case are too far apart to suggest that a settlement is possible.

3.     Under Eastern District of Arkansas General Order No. 50 regarding alternative dispute resolution, the Court sets forth an established process of the district's United States Magistrate Judges conducting settlement conferences.   The order states that such conferences "may be conducted if all parties consent to the same, or if all parties so request and the district judge assigned to the case believes that such would be useful."   Respectfully, Defendants in this case do not consent and do not believe that either a settlement conference or court-ordered mediation would be useful.[1]

4.     Therefore, Defendants pray that the Court deny Plaintiff's Motion for Court Ordered Mediation in its entirety and that the Court refrain from ordering the parties to participate in a mediation or settlement conference.

---

[1] Plaintiff's motion cites Arkansas Code section 16-7-202 which outlines the Arkansas state court alternative dispute resolution process.  Similarly to this Court's procedure, that process provides for referral to alternative dispute resolution that is "appropriate" and "agreeable to the parties."

RESPECTFULLY SUBMITTED,

*/S/ DAVID P. STONE*
**KURT C. KERN** (*admitted pro hac vice*)
Texas Bar No. 11334600
Kurt.Kern@bowmanandbrooke.com
**DAVID P. STONE** (*admitted pro hac vice*)
Texas Bar No. 19289060
David.Stone@bowmanandbrooke.com
**CRAIG D. DUPEN** (*admitted pro hac vice*)
Texas Bar No. 24065177
Craig.Dupen@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 N. Harwood Street, Suite 1700
Dallas, Texas  75201
Telephone:  (972) 616-1700
Facsimile:  (972) 616-1701

and

**EDWIN L. LOWTHER, JR.** (81107)
elowther@wlj.com
**WRIGHT, LINDSEY & JENNINGS LLP**
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442

**ATTORNEYS FOR TOYOTA MOTOR SALES, U.S.A., INC. and TOYOTA MOTOR CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 21ST day of January, 2014.

*/S/ DAVID P. STONE.*