IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| RICKY WEAVER, as Personal Representative of the Estate of MICAH WEAVER, Deceased, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CAUSE NO. 1:11-CV-025-JMM |
| TOYOTA MOTOR CORPORATION, a Japanese corporation; TOYOTA MOTOR SALES, U.S.A., INC., a California corporation, | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

## DEFENDANTS' LOCAL RULE 26.2 AND FEDERAL RULE OF CIVIL PROCEDURE 26(a)(3) PRETRIAL DISCLOSURE SHEET

COME NOW, Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc.,[1] and file this Pretrial Disclosure Sheet in accordance with Federal Rule of Civil Procedure 26(a)(3), Local Rule 26.2, and the Court's Scheduling Order as follows:

**(1)   The identity of the party submitting information.**

Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc., through their counsel of record.

**(2)   The names, addresses, and telephone numbers of all counsel for the party.**

**Kurt C. Kern**
**David P. Stone**
**Craig D. Dupen**
**BOWMAN AND BROOKE LLP**
2501 N. Harwood Street, Suite 1700
Dallas, Texas  75201
Telephone:  (972) 616-1700
Facsimile:  (972) 616-1701

---

[1] Defendants believe that Plaintiff has voluntarily dismissed TK Holdings, Inc. by omitting all claims against it in Plaintiff's Corrected Amended Complaint (Doc. No. 44-1).

and

**Edwin L. Lowther, Jr.**
**WRIGHT, LINDSEY & JENNINGS LLP**
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442

**(3)     A brief summary of claims and relief sought.**

Plaintiff Ricky Weaver, as personal representative of the estate of Micah Weaver, ("Plaintiff") alleges that on October 20, 2010, Micah Weaver was driving a 2000 Toyota 4-Runner on State Highway 394 near Batesville, Arkansas. Plaintiff contends that Micah Weaver "lost control of the vehicle and it went off the right shoulder and back to the left shoulder and ultimately rolled over ejecting [Micah Weaver]." Micah Weaver died following the crash. Plaintiff contends that the 4-Runner was defective in its condition, design and/or manufacture, and that Defendants were negligent and breached implied warranties of fitness for a particular purpose and merchantability, because of the following alleged defects in the 4-Runner: (1) it had no laminated and/or advanced glazing in its side rolldown windows and sun roof, (2) its sunroof latches were of inadequate design to prevent detachment during rollover, (3) it had no rollover protective structure, (4) its rollover protective system was inadequately designed because it did not afford reasonable occupant protection, (5) its roof pillars were designed with inadequate structural design, (6) the welds of the roof were inadequate, (7) the roof overall design was inadequate, and (8) the vehicle was designed with poor lateral stability and was prone to loss of control and/or rollover during normal driving maneuvers. Plaintiff seeks monetary damages related to the death of Micah Weaver.

Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. (collectively "Defendants") deny Plaintiff's allegations that the 4-Runner is defective in any respect. Defendants contend that the 4-Runner was well designed and manufactured, thoroughly tested, and complied with the applicable federal motor vehicle safety standards. Defendants specifically deny that the 4-Runner's roof structure, handling and stability characteristics, window glazing, or seat belt systems were defective or a producing cause of Plaintiff's injuries. Rather, Defendants claim Micah Weaver caused the accident and thereby Plaintiff's injuries and damages as a result of Micah's negligence in operating the 4-Runner in excess of the speed limit, in failing to maintain his lane, and/or in taking faulty evasive action. Defendants further contend that Plaintiff has offered no competent evidence in support of any of his defect theories. Additionally, Defendants claim that Micah Weaver failed to wear his seatbelt as required by the Arkansas Mandatory Seat Belt Act, Ark. Code Ann. § 27-37-701, and that had he complied with the Act, his injuries would have been reduced. Defendants seek a judgment that Plaintiff take nothing by his claims in this Complaint and/or

that Plaintiff's Complaint be dismissed with prejudice, and an award of all costs and expenses incurred on Defendants' behalf.

**(4) Prospects for settlement.**

Counsel for all parties have discussed the potential for settlement on several occasions, and based on Plaintiff's demands to date and Defendants' view of the case Defendants do not believe that settlement is likely.

**(5) The basis for jurisdiction and objections to jurisdiction.**

Jurisdiction in this case is based on diversity of citizenship under Title 28 U.S.C. § 1332. Jurisdiction is not disputed.

**(6) A list of pending motions.**

1. Defendants' Motion for Partial Summary Judgment (Dkt. No. 91) – the deadline for Plaintiff to respond has passed.

In addition to the above pending motion, Defendants anticipate filing several motions in limine by the February 18, 2014 deadline contained in the Court's Third Amended Scheduling Order (Dkt. No. 81).

**(7) A concise summary of the facts**

This lawsuit arises out of a single-vehicle crash that occurred on November 30, 2010 near Batesville, Arkansas. Micah Weaver was the driver and only occupant of the subject 2000 Toyota 4-Runner. Plaintiff alleges that Weaver lost control of the 4-Runner causing it to roll over. Weaver was ejected and died in the crash.

The police crash report identifies careless prohibited driving as the contributing factor to the crash. The report also indicates that Micah Weaver was not wearing his available seat belt at the time of the crash. Physical evidence corroborates these findings by the investigating police officer.

The 4-Runner complied with all applicable Federal Motor Vehicle Safety Standards at the time of its manufacture.

**(8) All proposed stipulations.**

Defendants propose that the parties should stipulate to the following facts:

1. On October 20, 2010, Micah Weaver was driving a 2000 Toyota 4-Runner on State Highway 394 when he lost control of the vehicle, left the roadway, and rolled over.

2. Micah Weaver was ejected during the rollover portion of the crash.

     3.    Micah Weaver died following the crash.

     4.    Toyota Motor Corporation designed and manufactured the vehicle at issue and Toyota Motor Sales, U.S.A., Inc. distributed the subject vehicle.

Defendants will also likely seek to stipulate with Plaintiff's counsel as to the authenticity of many of the exhibits in this case.

**(9)    The issues of fact expected to be contested.**

     1.    Whether the roof structure, glazing materials, handling and stability systems, or driver's seat belt system in the subject 2000 Toyota 4-Runner were defectively designed and a producing cause and/or exacerbating cause of Micah Weaver's injuries and death.

     2.    Whether the negligence, if any, of Micah Weaver in failing to wear his available seat belt, in traveling in excess of the speed limit, in failing to maintain his lane of travel, in taking faulty evasive action, and in being inattentive and/or impaired due to the consumption of intoxicating substances was a proximate cause of the subject accident and Micah Weaver's injuries and death.

     3.    Whether Micah Weaver was wearing his available seat belt at the time of the subject crash.

     4.    The assignment of proportionate responsibility, if any.

     5.    The amount of Plaintiff's alleged damages.

**(10)    The issues of law expected to be contested.**

In addition to evidentiary rulings on objections made by any party, either at trial or on motions in limine, legal issues Defendants expect to be contested include:

     1.    Whether as a matter of law there is sufficient evidence to support Plaintiff's punitive damages claim.

     2    Whether as a matter of law there is sufficient credible evidence to support an opinion from Plaintiff's experts that Micah Weaver's seat belt became unlatched due to a design defect during the rollover.

     3.    Whether Plaintiff can lay a sufficient foundation for the introduction of evidence that Micah Weaver habitually wore his seat belt.

     4.    Whether evidence that Micah Weaver was cited by law enforcement officers for failing to wear his seat belt as required by the Arkansas Seat Belt Act, Ark. Code Ann. § 23-37-201, et seq., is admissible.

5.   Whether any of Plaintiff's experts have a basis, with a sufficient foundation and a sufficiently reliable methodology, to express admissible opinions concerning alleged defects in the handling and stability characteristics of the subject 2000 4-Runner.

6.   Whether any of Plaintiff's experts have a basis, with a sufficient foundation and a sufficiently reliable methodology, to express admissible opinions concerning alleged defects in the design of the driver's seat belt system in the subject 2000 Toyota 4-Runner.

7.   Whether any of Plaintiff's experts have a basis, with a sufficient foundation and a sufficiently reliable methodology, to express admissible opinions concerning alleged defects in the design of the glazing components and roof structure.

8.   Whether any of Plaintiff's experts have a basis, with a sufficient foundation and a sufficiently reliable methodology, to express admissible opinions that Micah Weaver's injuries or death were caused by roof crush/intrusion.

9.   Whether any of Plaintiff's experts have a basis, with a sufficient foundation and a sufficiently reliable methodology, to express admissible opinions that Micah Weaver's injuries or death were caused by his ejection from the vehicle.

10.   Whether any of Plaintiff's experts have a basis, with a sufficient foundation and a sufficiently reliable methodology, to express admissible opinions that Micah Weaver's ejection from the vehicle was caused by alleged defects in the subject vehicle's roof design or glazing materials.

**(11)   A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.**

Please see attached Exhibit A, Defendants' Trial Exhibit List.

**(12)   The names, addresses and telephone numbers of witnesses for the party.**

**Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.**

Please see attached Exhibit B, Defendants' Trial Witness List.

**(13)   The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.**

Discovery appears to be complete at this time.  Plaintiff has opted not to depose Defendants' retained testifying expert witnesses.

**(14)   An estimate of the length of trial and suggestions for expediting disposition of the action.**

Both parties have estimated trial would take 7 to 8 days.  Stipulations as to authenticity of the parties' exhibits, as well as to admissibility of the exhibits when possible, would expedite the disposition of the action.

Respectfully submitted,

*/s/ DAVID P. STONE*
**KURT C. KERN** (*admitted pro hac vice*)
Texas Bar No. 11334600
Kurt.Kern@bowmanandbrooke.com
**DAVID P. STONE** (*admitted pro hac vice*)
Texas Bar No. 19289060
David.Stone@bowmanandbrooke.com
**CRAIG D. DUPEN** (*admitted pro hac vice*)
Texas Bar No. 24065177
Craig.Dupen@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 N. Harwood Street, Suite 1700
Dallas, Texas  75201
Telephone:  (972) 616-1700
Facsimile:  (972) 616-1701

and

**EDWIN L. LOWTHER, JR.** (81107)
elowther@wlj.com
**WRIGHT, LINDSEY & JENNINGS LLP**
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442

**ATTORNEYS FOR TOYOTA MOTOR SALES, U.S.A., INC. and TOYOTA MOTOR CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 10th day of February, 2014.

*/s/ DAVID P. STONE*