IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| RICKY WEAVER, as Personal Representative of the Estate of MICAH WEAVER, Deceased,<br><br>    Plaintiff<br><br>v.<br><br>(1) TOYOTA MOTOR CORPORATION, a Japanese corporation; TOYOTA MOTOR SALES, U.S.A., INC., a California Corporation; and TK HOLDINGS, INC,<br><br>    Defendants | CAUSE NO.   1:11-CV-025-JMM<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S LOCAL RULE 26.2 AND FEDERAL RULE OF CIVIL PROCEDURE 26 (a)(3)PRE-TRIAL DISCLOSURE SHEET**

Comes now the Plaintiff and submits the following Pre-Trial Disclosure Sheet:

**Claims asserted by Plaintiff:**

Plaintiff claims that Plaintiff is the father of Micah weaver, deceased and he brings this claim on behalf of himself and his wife, Nancy Weaver, the mother of Micah Weaver.

Plaintiff is the duly appointed Special Administrator of the Estate of Micah Weaver.

Plaintiff claims that on or about October 20, 2010 the deceased, Micah Weaver, was driving a 2000 Toyota 4-Runner SUV, VIN#JT3HN87R8Y0287756, traveling eastbound on State Highway 394. Decedent lost control of the vehicle and it went off the right shoulder and back to the left shoulder and ultimately rolled over ejecting the deceased.

Plaintiff claims he incident complained of herein occurred at or near the following location:

  140 feet west of Russell Ferry Road on Highway 294, 2.2 miles east of Batesville, Arkansas.

A. Plaintiff claims that Defendants, Toyota Motor Corporation and Toyota Motor Sales U.S.A., Inc., breached their duties under manufacturers' products liability, and committed acts of negligence which violated the customary and usual procedures generally recognized and accepted in Defendants' industry.

B. Defendants, Toyota Motor Corporation and Toyota Motor Sales U.S.A., Inc., breached their implied warranty of fitness for a particular purpose and their implied warranty of merchantability.

C. The product referred to below was defective in its condition, design, and/or manufacture when it was placed in the normal channels of commerce as more specifically stated below:

1. The vehicle's roof structure was inadequate to resist reasonably foreseeable rollover accident forces without being subject to excessive roof crush.

2. The vehicle did not contain laminated glass or other enhanced protective glass in the sunroof and side roll down windows which would have prevented the ejection of Micah Weaver from the vehicle during the rollover accident.

3. The sunroof latches were of inadequate design and manufacture.

4. The seat belt buckle of the restraint system was designed where it was capable of inadvertent unwanted release during an accident scenario.

5. Plaintiff contends that the roll-over protective system was inadequately designed because it did not afford reasonable occupant protection during the foreseeable rollover crash.

6. The roof pillars of the vehicle were designed with inadequate structural design.

7. The welds of the roof of the vehicle were inadequate.

8. The roof overall design was defective.

9. The vehicle was designed with poor lateral stability which rendered the vehicle defective and prone to loss of control and/or rollover during normal driving maneuvers.

D. The product was negligently designed as stated above.

E. There was inadequate testing and inspection of the product prior to its release.

F. The product did not contain adequate technologically and economically feasible safeguards.

G. Defendants violated generally recognized and accepted industry standards in the design and/or manufacture of the product.

H. The description of the product is as follows:

2000 Toyota 4-Runner SUV, VIN#JT3HN87R8Y0287756, including but not limed to its seatbelt system.

For the above reasons, said products were unreasonably dangerous beyond the contemplation of the average user.

Plaintiff claims that such defects combined and concurred to cause the injuries and death of Micah weaver.

**Relief sought by Plaintiff:**

Plaintiff seeks monetary damages on behalf of himself and his wife, Nancy Weaver has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) exclusive of interest and costs on behalf of each such person for wrongful death of their son, Micah Weaver, an adult child. Plaintiff seeks damages for the grief and mental anguish suffered by himself and his wife, Nancy Weaver, as well as for loss of consortium of their son, Micah and for conscious pain and suffering of Micah weaver before his death, including pre-impact terror and terror during the rollover accident sequence. Plaintiff seeks damages for medical costs incurred as a result of the injuries and death of Micah Weaver as well as expenses for funeral and burial of their son, Micah Weaver and all other damages permitted by law.

Plaintiff seeks damages on behalf of himself and his wife for their pecuniary losses as a result of the death of Micah Weaver. Plaintiff and his wife, Nancy Weaver, each seeks damages for punitive damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) exclusive of interest and costs.

**Jurisdiction:**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

1. Plaintiff is a citizen of the State of Arkansas at the time of the filing of this action.

2. Decedent, Micah Weaver, was a citizen of the State of Arkansas at the time of his death.

3. Defendant, Toyota Motor Corporation, is a foreign corporation organized and existing under the laws of the country of Japan, with its principal place of business in the country of Japan, at the time of the filing of this action.

4. Defendant, Toyota Motor Sales, USA, Inc., is a corporation organized and existing under the laws of the State of California, with its principal place of business in the State of California, at the time of the filing of this action.

**Pending Motions:**

1. Defendants *Motion To Exclude Evidence Untimely Disclosed Evidence And Alternative Motion For Continuance.*

2. Defendants Motion For Partial Summary Judgment.

3. Plaintiff anticipate filing several Motion in Limine.

**Proposed Stipulations:**

Plaintiff proposes the following stipulations to be entered into by the parties:

1. Plaintiff is a citizen of the State of Arkansas at the time of the filing of this action.

2. Decedent, Micah Weaver, was a citizen of the State of Arkansas at the time of his death.

3. Defendant, Toyota Motor Corporation, is a foreign corporation organized and existing under the laws of the country of Japan, with its principal place of business in the country of Japan, at the time of the filing of this action.

4. Defendant, Toyota Motor Corporation, is a foreign corporation organized and existing under the laws of the country of Japan, with its principal place of business in the country of Japan, at the time of the filing of this action.

5. Defendant, Toyota Motor Sales, USA, Inc., is a corporation organized and existing under the laws of the State of California, with its principal place of business in the State of California, at the time of the filing of this action.

6. Defendant Toyota Motor Corporation designed the subject vehicle.

7. Defendant Toyota Motor Sales, U.S.A., Inc. marketed the subject vehicle.

8. Micah Weaver was operating the subject vehicle at the time of the accident.

9. Micah Weaved was killed as a result of injuries he received during the subject accident.

**Issues Of Fact Expected To Be Contested:**

1. Whether the subject vehicle was defective and unreasonably dangerous.

2. Whether the Defendant were negligent as alleged.

3. Did the decedent suffer any pain and suffering or pre-impact terror or terror during the impact.

**Issues of law expected to be contested:**

1. Are punitive damages constitutional?

2. Are Plaintiff's laminated glass defect allegations preempted by federal law.

**Settlement possibilities:**

The Plaintiff has made an offer of settlement to the defendant. The defendant has not responded with any counter offer or refusal to negotiate. Plaintiff has specifically requested Defendant respond to Plaintiff's offer of settlement advising Defendant that such response was necessary so that Plaintiff could furnish the court information as to the possibility of settlement in the Pre-Trial Disclosure Sheet. Defendant still failed to respond. Therefore, the possibilities of settlement are unknown.

**Exhibits, FRE 803(18) documents and demonstrative aids:**

See Exhibit 2

**Witness list:**

See Exhibit 1

**Estimate of length of trial:**

Plaintiff estimates the trial will take 10 trial days.

s/   R. Theodor Stricker – ABA# 80139
249 South Main Street
Jonesboro, Arkansas 72401
(870) 931-7300
tstricker@strickerlawfirm.com
Attorney For Plaintiff
email: tstricker@strickerlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 11 day of February, 2014, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the electronic records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing the following ECF registrants.

Toyota Motor Corporation                                                                                    Edwin Lowther

| | |
|---|---|
| A Japanese Corporation | Wright, Lindsey & Jennings<br>200 West Capitol Avenue<br>Suite 2300<br>Little Rock, Arkansas<br>72201-3699<br>501-371-0808<br>e-mail: elowther@wlj.com<br><br>David P. Stone<br>Bowman & Brooke, L.L.P.<br>2711 North Haskell Avenue<br>Suite 560<br>Dallas, TX 75204<br>972-616-1700<br>Fax 972-616-1701<br><br>David.stone@bowmanandbrooke.com |
| Toyota Motor Sales USA, Inc. | Edwin Lowther<br>Wright, Lindsey & Jennings<br>200 West Capitol Avenue<br>Suite 2300<br>Little Rock, Arkansas<br>72201-3699<br>501-371-0808<br>e-mail: elowther@wlj.com<br><br>Craig Dupen<br>Bowman & Brooke, L.L.P.<br>2711 North Haskell Avenue<br>Suite 560<br>Dallas, TX 75204<br>972-616-1700<br>Fax 972-616-1701<br><br>craig.dupen@bowmanandbrooke.com<br><br>David P. Stone<br>See address info above<br><br>Kurt C. Kern<br>Bowman & Brooke, L.L.P.<br>2711 North Haskell Avenue<br>Suite 560 |

Dallas, TX 75204
972-616-1700
Fax 972-616-1701

kurt.kern@bowmanandbrooke.com

T.K. Holdings, Inc.
Edwin Lowther
See address info above

Craig Dupen
See address info above

David P. Stone
See address info above

Kurt C. Kern
See address info above


/s/ R. Theodor Stricker