IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| RICKY WEAVER, as Personal Representative of the Estate of MICAH WEAVER, Deceased, )<br>)<br>)<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>(1) TOYOTA MOTOR CORPORATION, a Japanese corporation; TOYOTA MOTOR SALES, U.S.A., INC., a California Corporation; and TK HOLDINGS, INC, )<br>)<br>)<br>)<br>)<br>Defendants ) | CAUSE NO.  1:11-CV-025-JMM<br><br>JURY TRIAL DEMANDED |

PLAINTIFF'S MOTION IN LIMINE

COMES NOW, Ricky Weaver, Administratrix of the Estate of and in support of his Motions in Limine offers the following arguments, authorities and conclusions of law and fact, which supports this Plaintiff's position that the subject matter set forth in the Motions in Limine and discussed in this Brief must be excluded from trial.

1) It is anticipated that Defendants will attempt to introduce evidence and/or cross-examine on the issues of when or why this Plaintiff employed an attorney. This Plaintiff would at this time show to the Honorable Court that under our judicial system, the hiring of an attorney to purse a claim is a legal right; and to allow opposing counsel to make inferences and innuendoes as a result of this Plaintiff's exercising of such legal rights would be extremely prejudicial to this Plaintiff's position. Such information is not competent, relevant, or material for issues at hand in this lawsuit.

Evidence of when or why a personal injury claimant employed an attorney is completely irrelevant. *Morton vs. Wiley*, 271 Ark. 319, 609 S.W.2d 322, 325 (1890); *Chailland v. Smiley,* 363 S.W.2d 619, 629 (Mo. 1963).

It has been held in some Courts that it is not only improper, but is prejudicial to question a Plaintiff as to when he first saw an attorney. *Lilly v. Scott,* 598 P.2d 279, 283 (Okla. Ct.App. 1979) ("improper questions having for their only purpose the casting of reflections upon the character of witnesses is prejudicial conduct."); *Carlyle vs. Lai*, 783 S.W.2d 925, 929 (Mo. Ct. App. 1989) ("the right to seek the advice of counsel is so fundamental that Counsel committed reversible error when he attempted to discredit the Plaintiff by Cross-examining him about the time and circumstances of his having consulted an attorney to discuss and exercise his legal rights"); *Martinez v. Williams*, 312 S.W.2d 742 752 (Tex. Civ App. 1958).

2)  It is also anticipated that the Defendants will attempt to introduce and/or cross-examine the Plaintiff in regard the employment of John Merritt and/or the Merritt Law Firm. John Merritt has pled guilty to a number of felonies regarding his law practice. As previously shown the hiring of an attorney to represent the Plaintiff is a legal right. The fact that the attorney's Plaintiff hired committed felonies and malpractice in other cases irrelevant to the merits of the instant case. It would be wrong and extremely prejudicial to Plaintiff's case for evidence of the actions of Plaintiff's former attorney, John Merritt to by innuendo be imputed upon Plaintiff's case in not only irrelevant but extremely prejudicial.

3) It is anticipated that opposing party will attempt to introduce evidence and cross examine on the issuer of whether the decedent had used marijuana a prior to the accident in question.  Comments and references to the decedents use of marijuana should not be allowed unless there is substantial independent evidence that the use played an integral part in the in the

incident. See Cook v. Philadelphia Transportation Company, 199 A. 2d 446 (PA. 1964), Fisher v. Dye, 125 A. 2d 472 (Pa 1956).

It is prejudicial error for a Trial Court to admit evidence of marijuana use to prove negligence in the absence of actual intoxication and is unfairly prejudicial. This moving party would urge that the mere consumption or use of marijuana does not make the existence of any fact that is of consequence to the determination of this action more or less probable than it would be without the evidence, thus it must be exclude. Furthermore, the probative value, if any, of this evidence is substantially outweighed by the danger of unfair prejudice to the Plaintiff, confusion of the issues, misleading the jury, or is a waste of time, which additionally warrants its exclusion, thus it must be excluded. Fed. R. Evid. 401, 402, 403.

Prior to the introduction of this subject the Plaintiff requests an in camera hearing to determine if the evidence the Defendant is attempting to present meets the quantum of evidence necessary to allow such evidence to come in. This moving party fears that the Defendant will attempt to introduce evidence, or cross-examine on the issue that the decedent was cited for previous traffic violations. Such evidence is irrelevant and is overwhelmingly prejudicial, thus must be excluded.

4)   The Plaintiff fears that the Defendant will attempt to introduce prior traffic citations against the decedent. This type of evidence is inadmissible as it is improper character or habit evidence. Ark. R. Evid. 404, 405, 406 (See also Henry v. Cline, 626 S.W. 2d 958, 275 Ark. 44 (Ark, 1982), Rule 406 (b) requires that habit be proven "by specific instances of conduct in number to warrant a finding that the habit existed." The instances which the Defendant may attempt to introduce are too few. United States v. Holman, 680 F. 1340, 1351 (11th Cir. 1982), Wanke v. Lynn's Transp. Co., 836 F. Supp. 587 (N.D. Ind. 1993). This evidence is inadmissible

as it is improper character or habit evidence, (Fed R. Evid. 404, 405, 406) and does not make the existence of any fact of this action more or less probable than it would be without the evidence and thus must be excluded. Ark. R. Evidence. 401, 402 Fed. R. Evidence. 401, 402. Furthermore, the probative value of this evidence, if any is substantially outweighed by the danger of unfair prejudice to the Plaintiff, confusion of the issues, misleading the injury or is a waste of the Courts time. (Fed. R. Evid. 403).

Respectfully Submitted,

> s/   R. Theodor Stricker – ABA# 80139
> R. Theodor Stricker
> 249 South Main Street
> Jonesboro, Arkansas 72401
> (870) 931-7300
> tstricker@strickerlawfirm.com
> Attorney For Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of February, 2014, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the electronic records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants.

**Defendant**

| | |
|---|---|
| **Toyota Motor Corporation**<br>*a Japanese Corporation* | **Edwin L. Lowther , Jr.**<br>Wright, Lindsey & Jennings - Little Rock<br>200 West Capitol Avenue<br>Suite 2300<br>Little Rock, AR 72201-3699<br>501-371-0808<br>Email: elowther@wlj.com<br>*LEAD ATTORNEY*<br><br>**David P. Stone**<br>Bowman and Brooke LLP - Dallas<br>2711 North Haskell Avenue<br>Suite 650<br>Dallas, TX 75204 |

                    972-616-1700
                    Fax: 972-616-1701
                    Email: david.stone@bowmanandbrooke.com

**Defendant**

| | |
|---|---|
| **Toyota Motor Sales USA Inc**<br>*a California Corporation* | **Edwin L. Lowther , Jr.**<br>Wright, Lindsey & Jennings<br>200 West Capitol Avenue<br>Suite 2300<br>Little Rock, AR 72201-3699<br>501-371-0808<br>Email: elowther@wlj.com<br>*LEAD ATTORNEY*<br><br>**Craig D. Dupen**<br>Bowman and Brooke LLP - Dallas<br>2711 North Haskell Avenue<br>Suite 650<br>Dallas, TX 75204<br>972-616-1700<br>Fax: 972-616-1701<br>Email: craig.dupen@bowmanandbrooke.com<br><br>**David P. Stone**<br>(See above for address)<br><br>**Kurt C. Kern**<br>Bowman and Brooke LLP - Dallas<br>2711 North Haskell Avenue<br>Suite 650<br>Dallas, TX 75204<br>972-616-1700<br>Fax: 972-616-1701<br>Email: kurt.kern@bowmanandbrooke.com |

**Defendant**

| | |
|---|---|
| **TK Holdings Inc** | **Edwin L. Lowther , Jr.**<br>(See above for address)<br>*LEAD ATTORNEY* |

**Craig D. Dupen**
(See above for address)

**David P. Stone**
(See above for address)

**Kurt C. Kern**
(See above for address)


**/s/   R. Theodor Stricker**