IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| RICKY WEAVER, as Personal Representative of the Estate of MICAH WEAVER, Deceased, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CAUSE NO. 1:11-CV-025-KGB |
| TOYOTA MOTOR CORPORATION, a Japanese corporation; TOYOTA MOTOR SALES, U.S.A., INC., a California corporation | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. (hereinafter "Defendants"), file this Response to Plaintiff's Motion in Limine (Dkt. No. 100), and would respectfully show the Court as follows:

### Response to Plaintiff's Motion in Limine Issue Nos. 1 and 2

Defendants agree to approach the Court before referencing or attempting to admit any evidence regarding issues number 1 and 2 described in Plaintiff's Motion in Limine. Those issues relate to (1) the timing of Plaintiff's retention of an attorney and (2) Plaintiff's previous retention of former attorney John Merritt.

### Response to Plaintiff's Motion in Limine Issue No. 3

Defendants oppose Plaintiff's Motion in Limine Issue Number 3, which seeks to restrict Defendants from referencing or admitting evidence related to Micah Weaver's marijuana use prior to the accident in question. Plaintiff's motion claims that evidence of

marijuana use should not be allowed unless there is "substantial, independent evidence that the use played an integral part in the accident," citing two Pennsylvania state court cases. Contrary to Plaintiff's position, under the federal rules evidence of drug and alcohol consumption may indeed be relevant to the question of whether a driver contributed to a collision. *See Spencer v. Young*, 495 F.3d 945, 950 (8th Cir. 2007); *Miles v. General Motors Corp.*, 262 F.3d 720, 723 (8th Cir. 2001). Notably, the Federal Rules of Evidence provide the standards for relevancy in a diversity action. *See Hanna v. Plumer*, 380 U.S. 460, 472–73 (1965); *Spencer*, 495 F.3d at 950. The Eighth Circuit employed those rules in *Miles* to uphold the admission of evidence that a plaintiff vehicle driver in a products liability suit smelled of alcohol following the crash, and also in *Spencer* to uphold the admission of evidence that a plaintiff vehicle driver had consumed one beer an hour before the crash and smelled of alcohol at the scene. *Miles*, 262 F.3d at 723; *Spencer*, 495 F.3d at 950.

The evidence in this case is even stronger than either *Spencer* or *Miles* that the decedent Micah Weaver was under the influence of marijuana at the time of the subject crash. Micah's blood was drawn at the hospital following the crash, sent to the state crime laboratory, and tested positive for cannabinoids—the residual substance in the blood stream indicating marijuana use.[1] The official, final police report regarding this crash included the results of the blood test and noted the positive finding for cannabinoids.[2]

Even under the standard proposed by Plaintiff, such evidence of Micah Weaver's blood test results should be admissible. The subject vehicle crash was a single-vehicle

---

[1] *See* Depo of R. Brinsfield at 54:13 – 55:2, 63:8 – 64:21.
[2] *See id.*

accident in which even Plaintiff concedes "Decedent lost control of the vehicle and it went off the right shoulder and back to the left shoulder."[3]  The official police report lists as a contributing factor to the crash Micah's "careless prohibited driving."[4]  These independent pieces of evidence support the proposition that Micah's driving ability was impaired by the use of marijuana and that impairment may very well have contributed to the crash.

Micah Weaver's careless driving prior to the crash and the positive blood test finding of cannabinoids constitute sufficient evidence to render Micah's marijuana use relevant to the question of whether Micah should be found negligent.  Moreover, the weight and credibility of this evidence gives it an amount of probative value that is not substantially outweighed by any danger of prejudice or confusion.  Accordingly, the Court should deny Plaintiff's Motion in Limine Issue Number 3.

### Response to Plaintiff's Motion in Limine Issue No. 4

Defendants oppose Plaintiff's Motion in Limine Issue Number 4, which seeks to restrict Defendants from referencing or admitting evidence of Micah Weaver's prior traffic citations.  Plaintiff's motion argues that such information is inadmissible under Federal Rules of Evidence 404, 405, and 406, because it is improper character or habit evidence.  To the contrary, at a minimum, such evidence should be admitted in this case under Rule 404(b)(2) which provides for the admission of evidence of crimes, wrongs, or other acts whenever such evidence is offered for a purpose other than proving a person's character in order to show that on a particular occasion the person acted in accordance with the character. *See* Fed. R. Evid. 404(b)(2).   One such

---

[3] *See* Plaintiff's Corrected Amended Complaint (Dkt. No. 44-1) at 3.
[4] *See* Depo. of R. Brinsfield at 53:2-13.

allowable purpose would be to impeach the testimony of a witness.   In the Eighth Circuit, "Rule 404(b) is a rule of inclusion."  *See King v. Ahrens*, 16 F. 3d 265, 268 (8th Cir. 1994).  Evidence of prior acts is admissible if it is "(1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to [the event at issue]." *Batiste-Davis v. Lincare, Inc.*, 526 F.3d 377, 380 (8th Cir. 2008) (alteration in original) (quoting *Berry v. Oswalt*, 143 F.3d 1127, 1132 (8th Cir.1998) (internal quotation marks omitted)).

In this case, for instance, several of Plaintiff's witnesses have already testified regarding Micah Weaver's allegedly habitual seat belt use.[5]   Additionally, Plaintiff's experts have indicated they relied on such testimony in forming opinions that Micah was belted at the time of the subject crash.[6]  Evidence that Micah Weaver received several prior traffic citations for not wearing his seatbelt is thus highly probative in both impeaching the testimony of Plaintiff's witnesses and challenging the bases for Plaintiff's experts' opinions on this issue.  As already discussed in many of Defendants' pre-trial filings, the issue of whether Micah was wearing his seatbelt is relevant and material to the questions of his negligence and the causation of his injuries and death.  Moreover, prior incidents where Micah was found not wearing his seat belt while driving are quite similar in kind to the subject event.  Finally, proof of such citations in the form of official driving records from the State Department of Finance and Administration should certainly rise to the level of a preponderance of the evidence.

---

[5] *See* Depo. of Nancy Weaver at 12:12 – 13:1 (claiming that Micah always wore a seatbelt when she was with him); Depo. of Ricky Weaver at 39:11-24 I(claiming that Micah always wore a seatbelt when on public roads).
[6] *See* Depo. of Jacqueline Paver at 60:13 – 63:2; Depo. of Stephen Batzer at 28:21 – 30:3.

Accordingly, evidence of Micah Weaver's prior traffic citations should at a minimum be admissible at trial under Federal Rule of Evidence 404(b), and the Court should deny Plaintiff's Motion in Limine Issue 4.

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully ask that the Court deny Plaintiff's Motion in Limine as to Issues 3 and 4, and that the Court grant such other relief to which Defendants may show themselves to be justly entitled.

**RESPECTFULLY SUBMITTED,**

*/s/ DAVID P. STONE*
**KURT C. KERN** (*admitted pro hac vice*)
Texas Bar No. 11334600
Kurt.Kern@bowmanandbrooke.com
**DAVID P. STONE** (*admitted pro hac vice*)
Texas Bar No. 19289060
David.Stone@bowmanandbrooke.com
**CRAIG D. DUPEN** (*admitted pro hac vice*)
Texas Bar No. 24065177
Craig.Dupen@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
2501 North Harwood Street, Suite 1700
Dallas, Texas  75201
Telephone:  (972) 616-1700
Facsimile:  (972) 616-1701

and

**EDWIN L. LOWTHER, JR.** (81107)
elowther@wlj.com

**WRIGHT, LINDSEY & JENNINGS LLP**
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442

**ATTORNEYS FOR:**
**TOYOTA MOTOR SALES, U.S.A., INC. and**
**TOYOTA MOTOR CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 25th day of February, 2014.

/s/ DAVID P. STONE