**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**RICKY WEAVER, as Personal**
**Representative of the Estate of**
**MICAH WEAVER, Deceased**                                                        **PLAINTIFF**

**v.**                                    **Case No. 1:11-cv-00025 KGB**

**TOYOTA MOTOR CORPORATION,**
  **and TOYOTA MOTOR SALES, U.S.A., INC.**                              **DEFENDANTS**

## ORDER

The Court conducted a pretrial hearing in this matter on February 27, 2014.  Counsel for plaintiff Ricky Weaver, as personal representative of the estate of Micah Waver, deceased (hereinafter "Mr. Weaver"), and counsel for defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. (hereinafter collectively "Toyota Defendants"), were present.  The Court heard argument from counsel on defendants' motion for partial summary judgment on punitive damages (Dkt. No. 91); defendants' motion *in limine* (Dkt. No. 98); defendants' objections to plaintiff's exhibit and witness lists (Dkt. No. 99); plaintiff's motion *in limine* (Dkt. No. 100), to which defendants filed a written response (Dkt. No. 105); and defendants' objection to plaintiff's use of deposition testimony (Dkt. No. 103).  The Court rules as follows.  As to those matters about which the Court grants an *in limine* motion, all parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments or otherwise, either directly or indirectly, concerning the matters about which the Court grants an *in limine* motion, without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case.  Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

## I. Defendants' Motion for Partial Summary Judgment on Punitive Damages

The Toyota Defendants sought summary judgment against Mr. Weaver on any claims for punitive damages in this case (Dkt. No. 91).  During the pretrial hearing, counsel for Mr. Weaver confirmed to the Court that Mr. Weaver does not seek punitive damages.  Based on that confirmation, this motion is granted.

## II. Defendants' Motion *in Limine*

The Toyota Defendants filed a motion *in limine*, which this Court grants in part and denies in part as follows (Dkt. No. 98).

### (1) Unintended and/or Sudden Acceleration

Counsel for Mr. Weaver agreed during the pretrial hearing that neither he, Mr. Weaver, nor witnesses for Mr. Weaver would make any mention of, make any reference to, or put on any evidence regarding unintended and/or sudden acceleration issues involving Toyota vehicles generally, or any evidence that suggests or implies that the subject 2000 Toyota 4Runner involved in this case (hereinafter "the subject 4Runner"), unintentionally or suddenly accelerated at the time of the accident at issue in this case.  Therefore, as to this point, the Court grants this motion.

### (2) Other Vehicles, Incidents, Accidents, Claims, or Lawsuits

With the exception of demonstrations identified by counsel for Mr. Weaver and addressed specifically and separately in this Order in Part Five below, counsel for Mr. Weaver agreed during the pretrial hearing that neither he, Mr. Weaver, nor witnesses for Mr. Weaver would make any mention of, make any reference to, or put on any evidence regarding any vehicle, incident, accident, claim, complaint, report, or lawsuit alleging injuries or damages from any accident involving the same model vehicle or any allegedly similar vehicle, or any other

claim complaint, report, or lawsuit involving the Toyota Defendants.   Therefore, with the exception of demonstrations identified by counsel for Mr. Weaver and addressed specifically and separately in this Order, the Court grants this motion to the extent Mr. Weaver is in agreement with it.

### (3)      Unsupported Defect Theories

With the exception of the issue of Micah Weaver's seatbelt use and inadvertent unlatch theories and evidence, which are addressed specifically and separately in Part Four and Part Five of this Order, counsel for Mr. Weaver agreed during the pretrial hearing that neither he, Mr. Weaver, nor witnesses for Mr. Weaver would make any mention of, make any reference to, or put on any evidence regarding any allegations that the subject 4Runner was defective with respect to aspects of the subject 4Runner's seat belt systems other than inadvertent unlatch theories or the subject 4Runner's handling and stability performance.   Therefore, the Court grants this motion to the extent Mr. Weaver is in agreement with it.

### (4)      Seat Belt Use and Buckle Unlatchment Opinions

The Toyota Defendants move *in limine* to preclude Mr. Weaver, his counsel, and witnesses from being allowed to make any mention of, make reference to, or put on any evidence regarding an opinion that Micah Weaver was wearing his seat belt at the time of the subject crash or that his seat belt buckle inadvertently unlatched during the crash.   Counsel for Mr. Weaver said that he would not raise the seat belt issue at trial, if the Toyota Defendants did not.   The Toyota Defendants did not agree.   Therefore, the Court takes up the *in limine* motion.

The Toyota Defendants state that no factual witnesses have testified based on personal knowledge that Micah Weaver was wearing his seat belt at the time of the crash.   The parties anticipate that Mr. Weaver's expert witness on the issue, Dr. Jacqueline Paver, will testify that

there is some evidence consistent with belt use, that she has identified five bases for her opinion that Micah Weaver was wearing his seat belt at the time of the crash, but that she will be forced to concede, as she did in her deposition, "there's evidence that supports belt usage.  To say definitive, more probable than not, I don't believe that's present in this case, but, again, with the belt, you don't always get the belt marks that you would see in a frontal crash, in a rollover crash."  (Dkt. No. 98, at 9 n.8).  The Toyota Defendants argue that, as a result, this evidence is speculative and would not be helpful to the jury.  *See* Fed. R. Evid. 702.

As to Dr. Paver's anticipated testimony regarding Micah Weaver's use of his seat belt at the time of the crash, this Court denies the Toyota Defendants' motion.  This anticipated testimony, based on the Court's review of the record before it, satisfies Federal Rules of Evidence 401, 402, 403, and 702.

Dr. Paver also testified regarding her opinion that the subject seat belt buckle is susceptible to inadvertent unlatchment.  The Toyota Defendants's argument in this regard is based on several points.  As an initial matter, the Toyota Defendants claim that, when Dr. Paver rendered her opinion regarding inadvertent unlatchment, she based it on her own subjective experience in unlatching the subject buckle during a vehicle inspection.  The Toyota Defendants contend that Dr. Paver's opinion in regard to inadvertent unlatchment is based solely on unreliable facts and data and is an opinion about which she is not qualified to testify as an expert.  The Toyota Defendants also argue that evidence of an opinion as to inadvertent unlatchment would not be helpful and would be highly prejudicial and confusing to the jury.

In addition, the Toyota Defendants challenge any attempt by Dr. Paver to rely on work performed by Cord Adams.  After the expert disclosure deadlines in this case had passed and after Dr. Paver had already formed her opinion that the seat belt was subject to inadvertent

unlatch, Mr. Adams who is a legal investigator performed various demonstrations to illustrate inadvertent unlatch on a Toyota seatbelt and on other manufacturer's seatbelts.  Mr. Adams's results were provided to Dr. Paver for review.  Through various motions *in limine*, the Toyota Defendants challenge the work performed by Mr. Adams, the results provided to Dr. Paver, and the information provided to the Toyota Defendants about Mr. Adams and his work.  Dr. Paver acknowledges that these demonstrations were not done according to any written protocol or test procedure, were not based on any standard test used by any manufacturer or regulations, and were done quickly.  Along with challenging Dr. Paver's ability to offer any opinion as to inadvertent unlatch, they challenge her ability to rely on these demonstrations performed by Mr. Adams to bolster her opinion as to inadvertent unlatch.

As to Dr. Paver's anticipated testimony regarding inadvertent unlatchment, based on the record before the Court, this Court denies the Toyota Defendants' motion as it relates to Dr. Paver's ability to offer an opinion on inadvertent unlatchment but grants the motion as it relates to Dr. Paver's ability to offer testimony regarding, to reference, or to attempt to rely on Mr. Adams's work or results.  Dr. Paver's anticipated testimony regarding inadvertent unlatchment, based on the Court's review of the record before it, satisfies Federal Rules of Evidence 401, 402, 403, and 702.

### (5)      Seat Belt Buckle Unlatchment Demonstrations

The Toyota Defendants move *in limine* to preclude Mr. Weaver, his counsel, and witnesses from being allowed to make any mention of, make reference to, or put on any evidence regarding the seat belt buckle unlatch demonstration videos or the "Report of Cord Adams" describing those demonstrations.  The Toyota Defendants argue that these video demonstrations were untimely disclosed expert materials and that Mr. Weaver cannot show that the tests

conducted in the demonstration videos are substantially similar to any events that happened during the subject crash. The Toyota Defendants also make a distinction between "demonstrations" and "tests," arguing that Mr. Weaver performed the "demonstrations" several times and would only show in Court the favorable "demonstration" results, making them highly prejudicial. The Toyota Defendants maintain that these demonstration videos should be inadmissiable due to unreliable, non-industry testing methodology, noting that Dr. Paver testified that the "tests" were not performed according to a written protocol or test procedure. Finally, the Toyota Defendants state that the Report of Cord Adams regarding these demonstrations should be excluded because Mr. Adams was never disclosed as an expert witness, the report was untimely disclosed, and that the probative value of the report would be substantially outweighed by the risk of confusing and misleading the jury.

Based on arguments of counsel, the Court understands that the seat belt buckle unlatchment demonstrations include the seat belt of a Toyota vehicle like the subject 4Runner, along with the seat belts of other manufacturers' vehicles. This material was not timely disclosed expert material, as this Court previously ruled. To that extent, the Court will not permit Mr. Weaver, his counsel, or his witnesses from making any mention of, making any reference to or putting on any evidence regarding unlatchment demonstrations of other manufacturers' vehicles.

The Court also will not permit Mr. Weaver to elicit any form of expert testimony from Mr. Adams because Mr. Adams was not timely disclosed as a potential expert witness for Mr. Weaver.

The Court takes under advisement whether Mr. Weaver may offer the seat belt buckle unlatchment demonstration of the seat belt of the Toyota vehicle like the subject 4Runner. The

Court has not viewed this video demonstration.  This Court is aware that the threshold for admissibility of a test or experiment that is an attempt to reenact the original happening as opposed to an experiment designed to show the general traits and capabilities of a material involved in the controversy differ.  *See generally Carr v. Suzuki Motor Co*., 655 S.W.2d 364 (Ark. 1983).  The Court also is mindful that there may be considerations under Federal Rule of Evidence 403 that preclude admission, even if the threshold for admissibility of a test or experiment is met.  For these reasons, the Court takes under advisement whether Mr. Weaver may offer the seat belt buckle unlatchment demonstration of the seat belt of the Toyota vehicle like the subject 4Runner.  Mr. Weaver is directed to provide a copy of the demonstration to the Court to view on or before Monday, March 3, 2014.  Until such time as the Court rules on this matter regarding the demonstration of the seat belt of the Toyota vehicle like the subject 4Runner, all counsel, the parties, and witnesses are directed to refrain from making any mention of, making any reference to or putting on any evidence regarding these materials.  If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.

### (6)    All Untimely Disclosed Expert Materials

The Toyota Defendants move *in limine* to preclude Mr. Weaver from being allowed to make any mention of, make reference to, or put on any evidence regarding untimely disclosed expert witness materials which were the subject of defendants' motion to exclude (Dkt. No. 60). The Toyota Defendants non-exclusively include the following materials as materials they consider to be untimely disclosed:

> a.    The Toyota Defendants identify materials related to 1997 Ford Explorer rollover testing performed by Robert Hooker.   Based on the

representations of counsel for Mr. Weaver during the pretrial hearing, the Court understands that Mr. Weaver agrees to the Toyota Defendants' motion *in limine* as to this sub-point. Therefore, as to this sub-point, the Court grants the motion.

b.    The Toyota Defendants identify materials related to a 1996 Volvo XC-90 laminated glass sled test performed by Eliseco systems. Mr. Weaver contends that these materials, if offered by Mr. Weaver, would be offered to refute a potential argument of the Toyota Defendants that it was not possible to produce a vehicle with laminated glass at the time the subject 4Runner was manufactured. The Court takes this portion of the motion *in limine* under advisement. Until such time as the Court rules on this matter, all counsel, the parties, and witnesses are directed to refrain from making any mention of, making any reference to or putting on any evidence regarding these materials. If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.

c.    The Toyota Defendants identify videotaped seat belt unlatch demonstrations. The Court addresses this issue specifically and separately in Part Five of this Order, above.

d.    The Toyota Defendants identify any late disclosed crash test videos, photographs, data, reports, or related materials whether conducted for this case or otherwise. This sub-point of the Toyota Defendants' motion *in limine* is granted.

8

e.  The Toyota Defendants identify documents, tests, data, videos, and reports contained in Stephen Batzer's Crashworthiness Notebook folder, Common Glass Index folders, and Common Roof Documents folders.  This sub-point of the Toyota Defendants' motion *in limine* is granted.

f.  The Toyota Defendants identify materials contained in folder titled Unwanted Safety Belt Release produced as Paver Documents-Videos. This sub-point of the Toyota Defendants' motion *in limine* is granted.

g.  The Toyota Defendants identify printouts from the Enhanced Protective Glass Automotive Association website ("EPGAA"), numerous materials authored by or related to the EPGAA, and videos related to alleged benefits of enhanced protective glass.  The Court takes this portion of the motion *in limine* under advisement.  Until such time as the Court rules on this matter, all counsel, the parties, and witnesses are directed to refrain from making any mention of, making any reference to or putting on any evidence regarding these materials.  If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.

h.  The Toyota Defendants identify technical articles discussing inadvertent unlatchment and patents for alleged alternative designs that would allegedly prevent inadvertent release of seat belt buckles.  This sub-point of the Toyota Defendants' motion *in limine* is granted.

### (7)     Plaintiff Expert's Accident Reconstruction

Toyota Defendants state that Mr. Weaver should not be allowed to make any mention of, make reference to, or put on any evidence regarding a purported accident reconstruction performed by his expert Stephen Batzer.  Toyota Defendants argue that Mr. Batzer's attempted reconstruction of the subject crash lacks sufficient underlying data, was not performed according to any reliable methodology, and does not include reliable conclusions about the details of the crash scenario that would be helpful to the jury.  The Court takes this motion under advisement. The Court and counsel for all parties agreed that, before Mr. Batzer takes the stand to testify, counsel for the Toyota Defendants shall *voir dire* or question Mr. Batzer on these matters outside the presence of the jury.  Counsel for Mr. Weaver is directed to inform the Court of the anticipated schedule for Mr. Batzer's testimony to permit the Court to schedule this proceeding outside the presence of the jury.  Until such time as the Court rules on this matter, all counsel, the parties, and witnesses are directed to refrain from making any mention of, making any reference to or putting on any evidence regarding a purported accident reconstruction performed by Mr. Weaver's expert Mr. Batzer.

### (8)     Size of Company or Net Worth

Counsel for Mr. Weaver agreed during the pretrial hearing that neither he, Mr. Weaver, nor witnesses for Mr. Weaver would make any mention of, make any reference to, or put on any evidence of a suggestion that the jury should consider the net worth or financial status of defendants or disparity in size and/or wealth of the parties, unless and until the Court should find that such matters are relevant and their probative value outweighs the prejudicial effect. Therefore, the Court grants this motion.  This ruling applies to Mr. Weaver, as well as to Toyota

Defendants.  If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.

### (9)     Untimely Disclosed Evidence

Counsel for Mr. Weaver agreed during the pretrial hearing that neither he, Mr. Weaver, nor witnesses for Mr. Weaver would make any mention of, make any reference to, or put on any evidence involving testimony that has not been properly and timely disclosed in response to interrogatories, requests for production, or other written discovery.  Therefore, the Court grants this motion.  This ruling applies to Mr. Weaver, as well as to Toyota Defendants.  If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.

### (10)     Undisclosed or Unrelated Defects

Counsel for Mr. Weaver agreed during the pretrial hearing that neither he, Mr. Weaver, nor witnesses for Mr. Weaver would make any mention of, make any reference to, or put on any evidence regarding any alleged defects of the subject vehicle, or any of its component parts, which have not been previously disclosed to the Toyota Defendants or are not causally connected to the accident made the basis of this lawsuit or Micah Weaver's injuries and damages.  All parties agree that the active defect theories currently pled by Mr. Weaver and supported by Mr. Weaver's expert witnesses relate to the design of the subject 4Runner's roof and glazing components.  The parties disagree on the theories of inadvertent unlatch, but those theories are addressed specifically and separately by the Court in this Order.  With that, the Court grants this motion.  If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.

Based on Mr. Weaver's representations to the Court during the pretrial hearing that this point is agreed to, it is granted.

### (11)   Expert Testimony Not Previously Disclosed

Counsel for Mr. Weaver agreed during the pretrial hearing that neither he, Mr. Weaver, nor witnesses for Mr. Weaver would make any mention of, make any reference to, or put on any evidence regarding the opinions, bases or conclusions of experts regarding the subject 4Runner's safety, performance, design, manufacture, or marketing, the cause of the accident, and the cause of Micah Weaver's injuries or any damages, which were not properly disclosed pursuant to the Federal Rules of Civil Procedure, any applicable order of the Court, or the parties' agreement. With that, the Court grants this motion. This ruling applies to Mr. Weaver, as well as to Toyota Defendants. If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence. Based on Mr. Weaver's representations to the Court during the pretrial hearing that this point is agreed to, it is granted.

### (12)   Statements Regarding "Consumer Safety" As a Purpose for Suit

Counsel for Mr. Weaver agreed during the pretrial hearing that neither he, Mr. Weaver, nor witnesses for Mr. Weaver would make any mention of, make any reference to, or put on any evidence of a suggestion that this case is one brought to establish standards of consumer safety or to enforce consumer safety principles, or that the reason for bringing this suit is based on a desire to enhance consumer safety, or any statement of similar import. With that, the Court grants this motion. If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.

Based on Mr. Weaver's representations to the Court during the pretrial hearing that this point is agreed to, it is granted.

### (13)    Interpretations of Defendants' Documents by Plaintiff's Experts

Counsel for Mr. Weaver agreed during the pretrial hearing that neither he, Mr. Weaver, nor witnesses for Mr. Weaver would make any mention of, make any reference to, or put on any evidence of any attempt by Mr. Weaver's experts to provide "interpretation" of the Toyota Defendants' internal documents.  With that, the Court grants this motion.  If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.   Based on Mr. Weaver's representations to the Court during the pretrial hearing that this point is agreed to, it is granted.

### (14)    Inflammatory Reference to Defendants

Counsel for Mr. Weaver agreed during the pretrial hearing that neither he, Mr. Weaver, nor witnesses for Mr. Weaver would make any mention of, make any reference to, or put on any evidence of a suggestion that the Toyota Defendants are foreign or alien; that the Toyota Defendants take advantage of the poor or the unsophisticated; that the Toyota Defendants are callous or unconcerned about safety; or any other statement, argument, inference, or comment which would tend to create or show that there is a conflict between the Toyota Defendants' business and consumers or that the Toyota Defendants are callous, greedy or overreaching.  With that, the Court grants this motion.  If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.   Based on Mr. Weaver's representations to the Court during the pretrial hearing that this point is agreed to, it is granted.

### (15)    Plaintiff's Financial Condition

Counsel for Mr. Weaver agreed during the pretrial hearing that neither he, Mr. Weaver, nor witnesses for Mr. Weaver would make any mention of, make any reference to, or put on any evidence of documents regarding Mr. Weaver's finances, inability to pay medical or other expenses, non-existent or insufficient insurance, or any other matter relating to plaintiff's financial status. With that, the Court grants this motion. If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence. Based on Mr. Weaver's representations to the Court during the pretrial hearing that this point is agreed to, it is granted.

### (16)    Intended Use of Judgment Proceeds

Counsel for Mr. Weaver agreed during the pretrial hearing that neither he, Mr. Weaver, nor witnesses for Mr. Weaver would make any mention of, make any reference to, or put on any evidence regarding how or in what manner Mr. Weaver intends to spend or otherwise distribute proceeds from any judgment or verdict rendered in this case. With that, the Court grants this motion. If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence. Based on Mr. Weaver's representations to the Court during the pretrial hearing that this point is agreed to, it is granted.

### (17)    Reference to Settlement Discussions

Counsel for Mr. Weaver agreed during the pretrial hearing that neither he, Mr. Weaver, nor witnesses for Mr. Weaver would make any mention of, make any reference to, or put on any evidence regarding settlement discussions between the Toyota Defendants and Mr. Weaver arising out of the accident at issue. With that, the Court grants this motion. If counsel believes

any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.   Based on Mr. Weaver's representations to the Court during the pretrial hearing that this point is agreed to, it is granted.

**(18)   Amount of Damages**

The Court denies this motion but cautions all counsel not to use *voir dire* in an attempt to commit the jury to a certain case theory, point of view, or amount of damages prior to hearing all of the evidence and being instructed on the law by the Court.

**(19)   Reference to Representation by Defense Counsel, Size, or Location of Law Firms**

Counsel for Mr. Weaver agreed during the pretrial hearing that neither he, Mr. Weaver, nor witnesses for Mr. Weaver would make any mention of, make any reference to, or put on any evidence that the attorneys for Toyota Defendants regularly represent Toyota, other defendants, corporations, insurance companies, or manufacturers in lawsuits, or that the Toyota Defendants represent Toyota in other lawsuits; make mention of the number of attorneys who are members of the firm in which counsel for the Toyota Defendants' practice, or the number of attorneys who have appeared on the Toyota Defendant's behalf in this case; the residence of the lawyers representing the Toyota Defendants at any trial, deposition, or court proceeding in this matter. With that, the Court grants the motion.  If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.   Based on Mr. Weaver's representations to the Court during the pretrial hearing that this point is agreed to, it is granted.

**(20)   Evidence of Recalls**

Counsel for Mr. Weaver agreed during the pretrial hearing that neither he, Mr. Weaver, nor witnesses for Mr. Weaver would make any mention of, make any reference to, or put on any

evidence regarding any alleged recalls, service campaigns, or other similar matters which are unrelated to Mr. Weaver's defect allegations in this case, the accident made the basis of this lawsuit, and/or Micah Weaver's injuries and damages.  With that, the Court grants this motion. If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.   Based on Mr. Weaver's representations to the Court during the pretrial hearing that this point is agreed to, it is granted.

**(21)     Prior Suits or Jury Verdicts Involving Defendants**

Counsel for Mr. Weaver agreed during the pretrial hearing that neither he, Mr. Weaver, nor witnesses for Mr. Weaver would make any mention of, make any reference to, or put on any evidence suggesting that the Toyota Defendants may have been involved in any prior suits, or that a party has never been involved in a prior suit, or that another jury entered a verdict against Toyota Defendants in another lawsuit.  With that, the Court grants this motion.  If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.   Based on Mr. Weaver's representations to the Court during the pretrial hearing that this point is agreed to, it is granted.

**(22)     Use of Exhibits That Have Not Been Produced or Made Available for Inspection**

Counsel for Mr. Weaver agreed during the pretrial hearing that neither he, Mr. Weaver, nor witnesses for Mr. Weaver would make any mention of, make any reference to, or put on any evidence related to an exhibit that is not available for inspection before it is displayed to the jury. With that, the Court grants this motion.  Based on Mr. Weaver's representations to the Court during the pretrial hearing that this point is agreed to, it is granted.

16

**(23)     Accident History of the Product Line**

Counsel for Mr. Weaver agreed during the pretrial hearing that neither he, Mr. Weaver, nor witnesses for Mr. Weaver would make any mention of, make any reference to, or put on any evidence regarding the accident history of Toyota vehicles or vehicles designed, manufactured, or sold by Toyota or related companies, including any reference to the Toyota Defendants as "a high insurance risk" or "high risk" manufacturer or other such terms calculated to bring before the jury accidents or an accident history that involved vehicles designed, manufactured, or sold by Toyota Defendants or related companies.  With that, the Court grants this motion.  If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.   Based on Mr. Weaver's representations to the Court during the pretrial hearing that this point is agreed to, it is granted.

**(24)     Attempt to Call Attorneys as Witnesses**

Counsel for Mr. Weaver agreed during the pretrial hearing that neither he, Mr. Weaver, nor witnesses for Mr. Weaver would attempt to call counsel for the Toyota Defendants, including in-house counsel, as witnesses in this matter.  With that, the Court grants this motion.  If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.   Based on Mr. Weaver's representations to the Court during the pretrial hearing that this point is agreed to, it is granted.

**(25)     Pre-Trial Matters**

Counsel for Mr. Weaver agreed during the pretrial hearing that neither he, Mr. Weaver, nor witnesses for Mr. Weaver would make any mention of, make any reference to, or put on any evidence of any action by the Court in ruling upon any matter prior to the actual trial of this case or that the pleadings or other matters filed by the Toyota Defendants were in a particular form or

of a particular nature, including the filing and rulings of the Court regarding motions *in limine*, the discovery process, discovery disputes, Court rulings regarding discovery, or other matters, which should be resolved prior to the trial of this matter and outside the presence of the jury. With that, the Court grants this motion.  If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.   Based on Mr. Weaver's representations to the Court during the pretrial hearing that this point is agreed to, it is granted.

**(26)     Effect of Jury's Answers**

The Court has this motion under advisement.  Counsel should refrain from mentioning in *voir dire* and opening statement any mention, any reference, or any evidence that may tend to inform the jury of the effect of their answers to the interrogatories to be posed to them during their deliberations in the case, including any comments to the effect that if questions are not answered in a certain way that no recovery will be had.

**(27)     Production of Documents**

The Toyota Defendants withdrew this motion *in limine*.

**III.     Defendants' Objections to Plaintiff's Exhibit and Witness Lists**

The Toyota Defendants object to many of Mr. Weaver's exhibits and one of his witnesses (Dkt. No. 99).  With regard to the specific exhibits objected to by the Toyota Defendants, counsel represented to the Court that many of the objections lodged relate to other matters raised through the *in limine* motions filed by Mr. Weaver and the Toyota Defendants.  Further, counsel for Mr. Weaver represented to the Court at the pretrial hearing that he intended to pare down his exhibit list prior to trial.  To the extent this Court's other pretrial rulings and Mr. Weaver's pared down exhibit list do not resolve the Toyota Defendants' objections to Mr. Weaver's exhibits,

counsel are directed to refrain from making any mention of, making any reference to, or putting on any evidence regarding the exhibits to which the Toyota Defendants have lodged objections until those objections have been resolved.  If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.

The Toyota Defendants also object to the identification of Cord Adams as a witness in this matter.  The Toyota Defendants argue that Mr. Adams has never been disclosed or designated as a testifying expert witness, that he does not appear to be qualified to offer testimony or opinions regarding seat belt design or testing, and that the demonstrations he conducted are not the product of any reliable methodology.  Mr. Weaver responds that Mr. Adams is not an expert witness but instead a fact witness who, if called at all, would be called to authenticate the seatbelt demonstrations Mr. Weaver intends to offer into evidence, pending this Court's ruling on the Toyota Defendants' objections to such evidence.  The Court takes this objection under advisement.  Until such time as the Court rules on this matter, all counsel, the parties, and witnesses are directed to refrain from making any mention of, making any reference to or putting on any evidence regarding these materials.  If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.

## IV.    Plaintiff's Motion *in Limine*

The Court grants in part and takes under advisement in part Mr. Weaver's motion *in limine* (Dkt. No. 100).

### (1)     When or Why Plaintiff Employed an Attorney

Counsel for the Toyota Defendants agreed during the pretrial hearing that neither he, corporate representatives of the Toyota Defendants, nor witnesses for the Toyota Defendants would make any mention of, make any reference to, or put on any evidence as to when or why Mr. Weaver employed an attorney.  With that, the Court grants this motion.  If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.   Based on the Toyota Defendants' representations to the Court during the pretrial hearing that this point is agreed to, it is granted.

### (2)     The Employment of John Merritt and/or the Merritt Law Firm

Counsel for the Toyota Defendants agreed during the pretrial hearing that neither he, corporate representatives of the Toyota Defendants, nor witnesses for the Toyota Defendants would make any mention of, make any reference to, or put on any evidence as to the employment of John Merritt and/or the Merritt Law Firm.  With that, the Court grants this motion.  If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.  Based on the Toyota Defendants' representations to the Court during the pretrial hearing that this point is agreed to, it is granted.

### (3)     Marijuana Use

The Court takes this portion of Mr. Weaver's motion *in limine* under advisement.  Until such time as the Court rules on this matter, all counsel, the parties, and witnesses are directed to refrain from making any mention of, making any reference to or putting on any evidence regarding Micah Weaver's alleged marijuana use prior to the accident in question or that post-mortem lab test results indicated prior marijuana use by Micah Weaver.  If counsel believes any

such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.

### (4)        Prior Traffic Citations

Mr. Weaver argues that defendants should not be able to introduce prior traffic citations against the decedent because such evidence is inadmissible character or habit evidence, noting that the instances which the defendants may attempt to introduce are too few.  He further argues that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and wastes the Court's time.  The Court takes this portion of Mr. Weaver's motion *in limine* under advisement.  Until such time as the Court rules on this matter, all counsel, the parties, and witnesses are directed to refrain from making any mention of, making any reference to or putting on any evidence regarding prior traffic citations received by Micah Weaver as a result of failing to use his seatbelt.  If counsel believes any such evidence becomes relevant for some purpose at trial, counsel must approach the bench before referring to, introducing, or eliciting such evidence.

### V.        Defendants' Objection to the Use of Deposition Testimony

The Toyota Defendants broadly object to the use or introduction of deposition testimony, either orally or by videotape, that lacks proper foundation, includes hearsay or speculation, is irrelevant or whose relevant value is outweighed by the risk of unfair prejudice, was not designated in accordance with the Court's Scheduling Order, or otherwise is not admissible pursuant to the Federal Rules of Evidence or the Federal Rules of Civil Procedure (Dkt. No. 103).  The Toyota Defendants note that there has been no designation of any deposition testimony by Mr. Weaver and no objections or counter-designations offered by Mr. Weaver to

the ten depositions from which the Toyota Defendants designated testimony to present to the jury.

With regard to any deposition testimony counsel intend to present to the jury, counsel are instructed to submit to the Court in advance the portions of the deposition testimony counsel intends to present to the jury, including all objections, designations, and counter-designations. The Court will rule on objections made to the introduction of such evidence prior to such evidence being presented to the jury.  At the pretrial hearing, counsel and the Court established a schedule for these designations to be exchanged and submitted to the Court for ruling in advance of the witnesses being called by deposition at trial.

SO ORDERED this 28th day of February, 2014.

Kristine G. Baker
United States District Judge