IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**RICKY WEAVER, as Personal**
**Representative of the Estate of**
**MICAH WEAVER, Deceased**                                                      **PLAINTIFF**

v.                          Case No. 1:11-cv-00025 KGB

**TOYOTA MOTOR CORPORATION,**
**and TOYOTA MOTOR SALES, U.S.A., INC.**                                        **DEFENDANTS**

## ORDER

The Court conducted a hearing in this matter on March 6, 2014, outside the presence of the jury. Counsel for plaintiff Ricky Weaver, as personal representative of the estate of Micah Waver, deceased (hereinafter "Mr. Weaver"), and counsel for defendants Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. (hereinafter collectively "Toyota Defendants"), were present. Mr. Weaver's counsel made an oral motion for voluntary non-suit.

This is a products liability case that was originally filed on March 23, 2011. Mr. Weaver alleges facts regarding a fatal accident that occurred in late 2010 near Batesville, Arkansas. Mr. Weaver's son, Micah Weaver, was the driver and sole occupant of a 2000 Toyota 4Runner involved in a single-vehicle crash. Micah Weaver allegedly lost control of the 4Runner causing it to rollover. He was ejected and died in the crash.

In support of his motion, Mr. Weaver's counsel explained that one of Mr. Weaver's expert witnesses, Dr. Jacquelyn Paver, is currently suffering from H1N1 ("swine flu"), based on information he received. The Court notes that this motion was made the second day of what all counsel anticipated would be a seven to eight day jury trial. At the pretrial hearing last week and again this week, the Court and defense counsel agreed to Mr. Weaver's taking this expert witness out of turn based on representations that she had a conflicting trial obligation this week that may

necessitate such rescheduling. This expert witness also was deposed in this case. These considerations have factored into this Court's determination of whether to grant Mr. Weaver's request for non-suit and, if so, upon what conditions to grant his request.

On the record with counsel, the Court observed that, if Mr. Weaver opts not to proceed with his request for a non-suit or the Court opts not to grant such a request, and this expert witness remains unable to attend trial due to illness, this Court has the option of determining that the witness is "unavailable" under Federal Rule of Evidence 804 and permitting Mr. Weaver to call this witness to testify by deposition designation. The Court made no formal ruling as to the use of Dr. Paver's prior deposition and acknowledges that courts distinguish between unavailability of fact witnesses and expert witnesses. As one court observed, generally, "even the unavailability of a particular expert witness should not without more allow the use of [her] prior testimony," because an "expert witness generally has no knowledge of the *facts* of the case," but is "called upon to express a professional opinion upon the facts as they are given to [her], often expressing [her] opinions in the form of answers to hypothetical questions," so "even if one particular expert is unavailable, there is no need to use [her] previous testimony to prevent the loss of evidence, because there will usually be other experts available to give similar testimony orally." *Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 535–36 (2d Cir. 1973) (emphasis in original).

Dr. Paver's anticipated testimony also has been the subject of several filings by the Toyota Defendants. Although the Court ruled on the *in limine* motion regarding Dr. Paver's anticipated testimony prior to trial (Dkt. No. 112, at 3), after that ruling, the Toyota Defendants filed a brief supporting their objections to Mr. Weaver's seat belt defect claims and related testimony or evidence, submitting additional facts and raising additional challenges to aspects of

Dr. Paver's anticipated testimony (Dkt. No. 114). The Court took those issues up at the March 5, 2014, pretrial and stated on the record during the March 6, 2014, conference with counsel that it intended to issue a second written order regarding the scope of Dr. Paver's anticipated trial testimony. The Court announced this after Mr. Weaver's motion for non-suit.

In considering whether to grant Mr. Weaver's request for voluntarily non-suit or dismissal without prejudice, along with the above factors, this Court also considered the procedural history of the case. Mr. Weaver makes clear that he does not seek to dismiss with prejudice his case; he seeks a dismissal without prejudice. This Court previously dismissed without prejudice this case (Dkt. No. 30), but the Court's Order was promptly vacated by request of Mr. Weaver (Dkt. No. 33). This Court determines that, because the previous Order of dismissal was vacated, it has no preclusive effect on Mr. Weaver. *See, e.g.*, *Witmer v. Bryan Lincoln Gen. Hosp.*, 2003 WL 367726, *7 (D. Neb. Feb. 20, 2003). Therefore, this Court determines Mr. Weaver's current request is in effect his first request for dismissal without prejudice.

This issue has significance because Arkansas Rule of Civil Procedure 41(a)(2) provides in relevant part that "[a] voluntary dismissal . . . operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court . . . an action based upon or including the same claim . . . ." Federal Rule of Civil Procedure 41 provides no similar restriction when the dismissal is by Court order; only that the Court may grant such a motion "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Whether the Arkansas Rule 41 restriction on and effect of successive non-suits impacts this matter is not at issue now, as the Court determines based on the record before it that Mr. Weaver's request for voluntarily non-suit or dismissal without prejudice constitutes his first request.

If the Court grants Mr. Weaver's motion for non-suit, there are also considerations as to whether a refiling of the suit would be timely. The products liability statute of limitations in Arkansas is three years. Ark. Code Ann. § 16-116-103. However, the Arkansas "savings statute" provides in relevant part that "if any action is commenced within the time prescribed . . . and the plaintiff therein suffers a nonsuit . . . the plaintiff may commence a new action within one year after the nonsuit suffered . . . ." Ark. Code Ann. § 16-56-126; *Chandler v. Roy*, 272 F.3d 1057, 1058 (8th Cir. 2001). The "savings statute" is substantive law and, therefore, would be applied by this Court, if this matter is refiled, as the Court is sitting in diversity and applies the state statute of limitations. *See Jinks v. Richland County, S.C.*, 538 U.S. 456, 464–65 (2003). For these reasons, the savings statute operates to toll the statute of limitations one year from the date of non-suit.

Finally, the Court takes up on what terms it "considers proper" to grant Mr. Weaver's motion to non-suit in this case. *See* Fed. R. Civ. P. 41(a)(2). Generally, "in the federal courts, after answer, dismissals without prejudice should be granted only 'if no other party will be prejudiced.'" *Kern v. TXO Production Corp.*, 738 F.2d 968, 970 (8th Cir. 1984) (quoting Wright & Miller, *Federal Practice & Procedure—Civil* § 2362 (1971)). "By 'prejudice' in this context is meant something other than the necessity that defendant might face of defending another action. That kind of disadvantage can be taken care of by a condition that plaintiff pay to defendant its costs and expenses incurred in the first action." *Kern*, 728 F.2d at 970.

The Court, noting that two pretrial hearings had been conducted; counsel, the parties, and witnesses assembled; and a jury empaneled, stated to the parties on the record that, if the Court were to grant the motion to non-suit, it would condition doing so and the refiling of this action on the following: (1) that the suit would be refiled in this Court; (2) that no further discovery would

occur in the case, as the deadlines for conducting discovery, and expert discovery in particular, were extended several times by this Court and have passed; and (3) that, if and when this case is refiled, the Court would assign to Mr. Weaver, at least, all duplicative costs and fees incurred by the Toyota Defendants related to the refiling of this case and, at most, all costs and fees previously incurred by the Toyota Defendants.  *See, e.g.*, *Behrle v. Olshansky*, 139 F.R.D. 370, 372–73 (W.D. Ark. 1991) (citing *Kern*, 738 F.2d 968, for the proposition that it would be an abuse of discretion not to impose conditions on a non-suit motion made during trial).  The Court expressly stated that it would reserve ruling on any request for costs and fees until and if the case is refiled.  Federal Rule of Civil Procedure 41 permits the Court to stay the refiled proceedings until the plaintiff has complied.  Fed. R. Civ. P. 41(d).

Counsel for Mr. Weaver considered these factors and renewed his motion for non-suit.  The Court orally granted Mr. Weaver's motion, subject to the above-listed conditions.  This Order memorializes the Court's ruling in this matter.  All pending motions are dismissed as moot.

SO ORDERED this 7th day of March, 2014.

_____
Kristine G. Baker
United States District Judge